# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BUTLER, | No. EDCV 08-1155 AGR |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

Plaintiff Kevin Butler ("Butler") filed a Complaint on September 3, 2008. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on September 24 and October 3, 2008. (Dkt. Nos. 7, 9.) The parties filed a Joint Stipulation ("JS") on July 27, 2009, that addressed the disputed issues in this case. (Dkt. No. 21.) The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner is reversed and remanded for further proceedings.

///

# I.

# PROCEDURAL BACKGROUND

On May 23, 2005, Butler filed an application for supplemental security income ("SSI") benefits, AR 107-09, which the Commissioner denied initially and on reconsideration. AR 51-52. Butler requested a hearing. AR 75. On February 5, 2007, the Administrative Law Judge ("ALJ") conducted a hearing, at which Butler failed to appear. AR 360-63. On February 26, 2007, the ALJ issued a decision denying benefits. AR 31-41. Butler requested review. AR 92.

On May 18, 2007, the Appeals Council issued an order vacating the ALJ's decision and remanding the case for further proceedings. AR 95-96. The Council ordered the ALJ on remand to (1) obtain available updated treatment records; (2) address all relevant lay statements and testimony, providing supporting rationale for the weight assigned thereto; (3) follow the procedures in HALLEX I-2-4-25D as appropriate if the circumstances again warrant a finding as to whether Butler constructively waived his right to appear; and (4) if warranted, obtain evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Butler's occupational base. *Id.*

On February 13, 2008, the ALJ conducted a second hearing, at which Butler and a VE testified. AR 364-73. On March 25, 2008, the ALJ issued a decision denying benefits. AR 12-24. Butler requested review. AR 11. On July 11, 2008, the Appeals Council denied Butler's request for review. AR 7-9. This lawsuit followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

2

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance; it is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation and quotation marks omitted); *Moncada*, 60 F.3d at 523; *see also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.
## EVALUATION OF DISABILITY

### A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Butler has the "severe mental impairment of mood disorder, not otherwise specified." AR 17. Butler has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can do simple, routine, repetitive, non-public tasks." AR 18. Butler can perform past relevant work "as a general labor, warehouse worker." AR 22. In addition, "there are jobs that exist in significant numbers in the national economy that [Butler] can

perform," including "other unskilled entry level jobs such as a cleaner, general helper, and a packer/packager." AR 23.

### C. Lay Witness Statements

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see Valentine v. Comm'r, SSA*, 574 F.3d 685, 694 (9th Cir. 2009).

Butler contends that the ALJ improperly rejected the lay witness statements on his behalf by Ms. Andrews, AR 172-79, and Mr. Mitchell, AR 121-28. JS 3-7.[1] The ALJ found these two statements to be credible only to the extent they were consistent with Butler's RFC. AR 20. The ALJ rejected both statements on the following grounds: (1) the statements were not made under oath; (2) the statements parroted Butler's subjective complaints; (3) the lay witnesses were not medical professionals and were not competent to make a diagnosis or argue the severity of Butler's symptoms in relationship to his ability to work; and (4) the statements were not supported by the medical evidence. *Id.*

Three of the ALJ's four reasons for discounting lay witness testimony were legally improper. An ALJ may not discredit lay witness statements as not supported by medical evidence. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). Moreover, lay witness testimony may be introduced to show the severity of a claimant's impairment(s)

---

[1] To the extent Butler contends that the ALJ did not comply with the Appeals Council's remand order, "federal courts only have jurisdiction to review the final decisions of administrative agencies. When the Appeals Council denied review of the ALJ's second decision, it made that decision final, and declined to find that the ALJ had not complied with its remand instructions." *Tyler v. Astrue*, 305 Fed. Appx. 331, 332 (9th Cir. 2008).

and how it affects his ability to work.  *Id.* ("A lay person, Bruce's wife, though not a vocational or medical expert, was not disqualified from rendering an opinion as to how her husband's condition affects his ability to perform basic work activities."); *Schneider v. Comm'r, SSA*, 223 F.3d 968, 975 (9th Cir. 2000) (ALJ erred by failing to consider five letters by third party witnesses).

      The ALJ also discounted Mr. Mitchell's statements because he is Butler's brother-in-law and, as a relative of the mother of Butler's children, has "his own agenda and a financial interest in seeing the claimant receive benefits."  AR 20.  This is not a proper basis for discounting Mitchell's statements.  "[R]egardless of whether they are interested parties, 'friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition.'" *Valentine*, 574 F.3d at 694 (citation omitted); *see also Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999) ("testimony from lay witnesses who see the claimant everyday is of particular value[;] . . . such lay witnesses will often be family members.") (citation and quotation marks omitted).  On the other hand, evidence that a lay witness "exaggerated a claimant's symptoms *in order* to get access to his disability benefits, as opposed to being an 'interested party' in the abstract, might suffice to reject that spouse's testimony." *Valentine*, 574 F.3d at 694 (emphasis in original).  The ALJ made no such finding.  There is no indication in the record that Mitchell is attempting to gain access to Butler's benefits, or that Mitchell is supporting Butler's children and therefore would benefit financially if Butler were to receive benefits and pay child support.

      By contrast, the ALJ's finding that Andrews and Mitchell merely parroted Butler's subjective complaints constitutes a valid reason for discounting their statements.  AR 20.  An ALJ gives germane reasons for rejecting lay witness testimony when an ALJ finds that the lay witness testimony is similar to the claimant's subjective complaints, and the ALJ has provided clear and convincing reasons for rejecting those subjective complaints.  *Valentine*, 574 F.3d at 694.

The ALJ's finding that Andrews and Mitchell's statements were substantially similar to Butler's subjective complaints is supported by substantial evidence. Mr. Mitchell's lay statement was prepared on July 27, 2005. AR 121, 128. It is virtually identical to the "Function Report - Adult" that Mr. Mitchell prepared, signed and filed under Butler's name, also on July 27, 2005. AR 129, 136. Similarly, Ms. Andrews' lay statement was prepared on April 3, 2007. AR 172, 179. It, too, is virtually identical to the "Function Report - Adult" that she prepared, signed and filed under Butler's name, also on April 3, 2007. AR 164, 171.

The ALJ found Butler not credible to the extent that his statements concerning the intensity, persistence and limiting effects of his alleged symptoms were inconsistent with the ALJ's RFC assessment. AR 20. Butler does not contest that finding. The ALJ may, therefore, discount the lay witness statements for the same reasons. *See Valentine*, 574 F.3d at 694 (wife's testimony properly rejected where ALJ found husband's similar testimony not credible for clear and convincing reasons).

### D. Treating Psychiatrist's Opinion

Butler argues that the ALJ failed to consider the opinion of Dr. Eklund, his treating psychiatrist. JS 10.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotations omitted).

Prior to the hearing before the ALJ, Dr. Eklund had treated Butler on a regular basis for two years, from January 2006 through at least December 2007. AR 220-33, 235-45, 319-38. Initially, in January 2006, Butler was diagnosed with psychotic

disorder, not otherwise specified, alcohol dependence in sustained full remission, and antisocial personality disorder features. AR 231. In April 2006, Dr. Eklund diagnosed schizoaffective disorder, bipolar type, and alcohol dependence in sustained remission. AR 221. Butler had an anxious mood, blunted affect, hallucinations, some delusions, and an impaired memory. *Id.* Dr. Eklund started Butler on Seroquel and assessed a Global Assessment of Functioning ("GAF") of 40.[2] *Id.* In July 2006, when Butler had been off Seroquel, he again experienced auditory and visual hallucinations. AR 228. Dr. Eklund continued Seroquel and added Celexa. *Id.* In January 2007, Dr. Eklund continued to diagnose Butler with a schizoaffective disorder, bipolar type, and alcohol dependence in sustained full remission. AR 235.

Dr. Eklund's treatment plan and recommendations in April 2006 included "apply SSI." AR 221. In February 2007, Dr. Eklund filled out a medical report that indicated Butler could perform "no work" due to "schizoaffective depressed type a condition which recurs throughout a lifetime." AR 233. Dr. Eklund listed the duration of incapacity as February 15, 2007 through February 15, 2008.[3] *Id.*

The ALJ did not specifically address Dr. Eklund's diagnosis of schizoaffective disorder and did not mention his medical report indicating that such a disorder rendered Butler incapable of work for a period of time. Because the ALJ failed to set forth

---

[2] Butler argues that the ALJ did not discuss the GAF score of 40. JS 10-11; AR 221, 231. However, a GAF score is not determinative of mental disability for Social Security purposes. *See* 65 Fed. Reg. 50746, 50765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings."). The failure to reference a GAF score, standing alone, does not constitute error. *See McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. 2008) (citing 65 Fed. Reg. 50746, 50765); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (ALJ did not err in failing to mention GAF score).

[3] Dr. Eklund indicated that he filled out an "ADA form" in August 2007, but it is not included with his medical records. AR 323. Although Butler seemed to be doing better in July 2007 (AR 325), some auditory hallucinations returned in August 2007 under stress. AR 322.

specific and legitimate reasons for rejecting Dr. Eklund's opinion, that opinion must be credited. *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006). Although the medical report was filled out by Dr. Eklund on February 15, 2007 and covered the period through February 15, 2008, it is clear that Dr. Eklund's assessment applies as of January 10, 2006. At that point, the Barstow Counseling & Behavioral Health Center assessed no need to prepare Butler for work. AR 245. He suffered from auditory hallucinations, problems with short term memory, and paranoia. AR 243. Dr. Eklund started Butler on Seroquel in April 2006 (AR 221) and indicated as of February 2007 that Butler was unable to work. AR 233. During the period April 2006 through February 2007, Butler's progress was uneven. AR 229 (stopped hearing things on medication); AR 228 (auditory hallucinations and paranoia return upon stopping medication); AR 227 (pills work but still paranoid); AR 223 (increase in dosage). Dr. Eklund anticipated that, by early 2008, "Butler will have experienced steady, sustained improvement in mental and emotional functioning," including a reduction in stress/anxiety due to increased coping skills, a reduction in suspiciousness, and an increased ability to deal with situations "realistically." AR 236.

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). A court must analyze whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

Although the issue is close, this matter is remanded for further proceedings. While Dr. Ecklund's medical report concluded that Butler could perform no work and was temporarily incapacitated, Dr. Ecklund did not assess Butler's ability to do specific

work-related mental activities.  On remand, the ALJ should reevaluate Butler's residual functional capacity during the period beginning January 10, 2006, fully crediting Dr. Ecklund's opinions.  As an example only, Dr. Ecklund observed impaired immediate and short-term memory during the period at issue.  *E.g.,* AR 221.

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.  On remand, the ALJ should reevaluate Butler's residual functional capacity during the period commencing January 10, 2006, fully crediting Dr. Ecklund's opinions.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 29, 2010

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE